IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| HOAG NGOC PHAM, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:26-CV-00085 |
| | § | JUDGE MICHAEL J. TRUNCALE |
| PAMELA BONDI; KRISTI NOEM; TODD | § | |
| LYONS; BRET BRADFORD; and | § | |
| ALEXANDER SANCHEZ, | § | |
| | § | |
| *Respondents*. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Hoag Ngoc Pham's Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 2]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Petitioner Hoag Ngoc Pham ("Pham") is a Vietnamese national. [Dkt. 2 at 2]. On January 30, 2026, United States Immigration and Customs Enforcement ("ICE") detained Pham. *Id.*

On February 4, 2026, Pham brought this habeas corpus petition. [Dkt. 2]. He claims that his detention violates both the Immigration and Naturalization Act ("INA")[1] and the Fifth Amendment to the United States Constitution. *Id.*

**II. LEGAL STANDARD**

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the

---

[1] 8 U.S.C. § 1101 et seq.

Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

Pham appears to challenge the legality of his detention on four separate grounds. First, he claims that the INA does not allow the Government to detain him during removal proceedings. [Dkt. 2]. Second, Pham claims that the Government violated procedural due process by failing to afford him a custody redetermination, thereby rendering his detention itself unlawful. *Id.* Third, Pham argues that his detention violates due process because he is eligible for custody redetermination. *Id.* Fourth, he challenges as unlawful his prolonged detention. *Id.*

#### A.  Propriety of Habeas Relief

First, habeas relief "may not be used to correct mere irregularities or errors of law." *Wooten v. Bomar*, 267 F.2d 900, 901 (6th Cir. 1959)). Habeas is only to be used for release "from unlawful imprisonment or custody," and "any other purpose" is invalid. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976); *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997). The fact that officials have "failed to follow their own policies, without more, does not constitute a violation of due process." *Iruegas-Maciel v. Dobre*, 67 F. App'x 253 (5th Cir. 2003) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)).

#### B. Detention Pending Removal Proceedings

Pham first challenges the Government's authority to detain him while removal proceedings are pending. [Dkt. 2]. His challenge is misplaced, since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained

during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Pham argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Pham is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a).

Even more, the Fifth Circuit recently considered and rejected similar arguments. In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit found that the mandatory detention procedures in § 1225(b)(2)(A) apply to aliens who have entered the United States without inspection and have been subsequently detained. --- F.4th ---, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). It is of no moment that prior administrations' policy approaches were different; the statute's text controls. *See id.*

### C. Custody Redetermination

Pham next argues that his detention violates procedural due process and the INA because ICE failed to provide a custody redetermination before an immigration judge.[2] *Id.* In any event, a petition for habeas corpus is generally not the proper vehicle for challenging conditions of confinement or confinement-related procedures. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Habeas petitions are a proper device for challenging confinement-related procedures only when those procedures would have resulted in the petitioner's automatic release if performed correctly. *See id.* Otherwise, detainees must challenge confinement-related procedures under 42 U.S.C. § 1983. *Id.*

Here, even if the INA or due process required that Pham receive a custody redetermination, a custody redetermination would not necessarily result in Pham's release from detention. *See* 8 C.F.R. § 236.1(d)(1). The INA's accompanying regulations provide that, in a custody redetermination,

---

[2] Courts often refer to custody redeterminations as "bond hearings." *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 at *4 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.).

immigration judges may "detain the alien in custody," or "determine the amount of bond, *if any*, under which the [alien] is to be released." *Id.* (emphasis added). Hence, a custody redetermination could just as well have resulted in Pham's continued detention, rather than his release from custody. *Id.* Accordingly, the Government's failure to provide a custody redetermination does not entitle Pham to habeas relief. *See Carson*, 112 F.3d at 820–21.

### D. Prolonged Detention

Now for the prolonged detention argument. *Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700. As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id.* at 701.

It appears from the face of the Petition that this six month period has not yet passed. Pham has not demonstrated that "there is no significant likelihood of removal in the reasonably near future."[3] *Id.* It follows his Petition cannot be granted.

### IV. CONCLUSION

Because Pham has failed to demonstrate by a preponderance of the evidence that his detention

---

[3] The Fifth Amendment claims, which are predicated on the other arguments, therefore also fail.

4

violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Pham's Petition for Writ of Habeas Corpus [Dkt. 2] is hereby

**DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL**

**JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 27th day of February, 2026.**

*Michael J. Truncale*

Michael J. Truncale
United States District Judge